## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARKADIUSZ JOSEF GASKA and KATARZYNA GASKA, individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DARCARS OF RAILROAD AVENUE, INC.<br><br>Defendant. | CIVIL ACTION NO. 3:22cv1201<br><br><br><br><br><br><br>SEPTEMBER 23, 2022 |

### NOTICE OF REMOVAL

Defendant DARCARS of Railroad Avenue, Inc. ("Defendant") hereby provides notice of the removal of this civil action from the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, to the United States District Court for the District of Connecticut.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

In further support of this Notice of Removal, Defendant states as follows:

### PROCEDURAL HISTORY

1.      By service of a Writ, Summons and Complaint on August 24, 2022, Plaintiffs Arkadiusz Josef Gaska and Katarzyna Gaska ("Plaintiffs") commenced this action in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, against Defendant.  A true and correct copy of the Summons and Class Action Complaint is attached as Exhibit A.  A true and correct copy of the Return of Service filed by Plaintiffs in the Connecticut Superior Court is attached as Exhibit B.

2.      The Complaint alleges that Defendant has two business practices that violate the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA") in

connection with Defendant's sales of motor vehicles.  First, the Complaint alleges that Defendant "has a business practice of adding a commission of approximately two percent . . . to the price of new and used vehicles sold on a retail basis."  Ex. A, ¶ 7.  Second, the Complaint alleges that Defendant "has a business practice of selling vehicles for prices that are higher than those advertised by [Defendant]."  *Id.* ¶ 21.  Based on these and other allegations, Plaintiffs accuse Defendant of violating CUTPA.  *Id.* ¶¶ 2, 44, 63.[1]

3.    Plaintiffs seek to represent two classes, the "Commission Class" and the "Advertised Price Class."  *Id.* ¶ 34.  The Commission Class consists of all individuals who, "during the period commencing three years prior to the commencement of this action and continuing until such time as there is an order certifying this case as a class action, [] purchased a new or used motor vehicle from [Defendant]; and [Defendant] charged them a Commission in addition to the Price of Vehicle reflected in the Purchase Order."  *Id.* ¶ 35.  The Advertised Price Class consists of all individuals who, during the same time period as the Commission Class, "purchased a new or used motor vehicle from [Defendant]; [Defendant] had advertised the vehicle on its website or a third-party website for a specific price (the 'Advertised Price'); and the Price of Vehicle charged to them as reflected in the Purchase Order was greater than the Advertised Price."  *Id.* ¶ 36.

4.    Exhibits A and B constitute all of the process, pleadings, and orders served on Defendant in this case and are attached pursuant to 28 U.S.C. § 1446(a).  A copy of the state court docket in *Gaska, et al. v. DARCARS of Railroad Avenue, Inc.*, Docket No. FBT-CV22-6117756-S, is attached as Exhibit C.

---

[1] Plaintiffs' Complaint contains typographical errors regarding the numbers of each allegation, so paragraph 63 of Plaintiffs' Complaint is misidentified as paragraph 44 on page 14 of the Complaint.

5.     The recitation of Plaintiffs' allegations in this Notice of Removal is not a concession of the truth of any allegation contained in Plaintiffs' Complaint, nor a concession that Plaintiffs' legal theories have merit or that Plaintiffs or any putative class members are entitled to any relief at all.

## PARTIES

6.     Plaintiffs allege they are citizens of Connecticut.  Ex. A, ¶ 3.  Plaintiffs purport to represent two classes of individuals without geographic or residency limitation, meaning the classes include citizens of numerous states.

7.     Defendant is a Connecticut corporation with a principal place of business in Connecticut that does business as DARCARS Lexus of Greenwich.  *Id.* ¶ 5.

## TIMELINESS OF REMOVAL

8.     As noted above, Defendant was served on August 24, 2022.  This notice is therefore timely pursuant to 28 U.S.C. § 1446(b)(2).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (time for removal runs from receipt of formal service of process, including summons).

## BASIS FOR REMOVAL JURISDICTION

9.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

10.    Subject matter jurisdiction exists under CAFA because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds

the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

11.     CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case qualifies as a class action removable under Section 1332(d)(1)(B) because Plaintiffs assert these claims on behalf of two classes pursuant to Connecticut Practice Book § 9-7 *et seq.*, *see* Ex. A, ¶¶ 2, 4, an analogue to Rule 23 of the Federal Rules of Civil Procedure. *See, e.g.*, *Collins v. Anthem Health Plans, Inc.*, 880 A.2d 106, 114 (Conn. 2005) (noting that class requirements in Connecticut Practice Book §§ 9-7 and 9-8 are "similar to those embodied in rule 23 of the Federal Rules of Civil Procedure"); *compare* Connecticut Practice Book §§ 9-7 and 9-8 *with* Fed. R. Civ. P. 23.

12.     CAFA's minimal diversity requirement is satisfied. As a threshold matter, Plaintiffs' class definitions contain no geographic or residency limitation and include any individual in any state that purchased vehicles from Defendant that had an alleged Commission applied or that were allegedly sold for a price greater than the Advertised Price. *See* Ex. A, ¶¶ 35, 36.

13.     CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Defendant is a Connecticut corporation and citizen of Connecticut. Plaintiffs allege that Defendant violates CUTPA as to "each vehicle sold," *see* Ex. A, ¶ 9; *see also id.* ¶¶ 7, 21, and Defendant has identified numerous individuals who have purchased vehicles from Defendant during the class period who are not citizens of Connecticut. These individuals' presence in the putative classes therefore provides minimal diversity sufficient for jurisdiction under CAFA. *See Grupo Dataflux*

4

*v. Atlas Global Grp., L.P.*, 541 U.S. 567, 577 n.6 (2004); *Bryne v. Charter Commc'ns, Inc.*, 581 F. Supp. 3d 409, 413 n.2 (D. Conn. 2022).

14.    CAFA's numerosity requirement is also satisfied.  Plaintiffs allege that, at a minimum, there are more than 1,100 total members in the putative classes, and that Defendant violated CUTPA in connection with "possibly thousands of sales of motor vehicles."  Ex. A, ¶¶ 2, 38.  This number is far greater than 100, satisfying CAFA's numerosity requirement.  *See* 28 U.S.C. § 1332(d)(5)(B).

15.    CAFA's amount-in-controversy requirement is satisfied as well.  "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" the $5,000,000 threshold.  28 U.S.C. § 1332(d)(6).  Plaintiffs seek, on their behalf and behalf of the classes: 1) actual damages, to include the cost of the Commission and/or the difference between the Advertised Price and the price charged, sales tax charged on these amounts, and finance charges incurred on the amounts class members were allegedly overcharged; 2) punitive damages; 3) injunctive relief; and 4) attorney's fees.[2]  *See* Ex. A, ¶¶ 50, 51, 67, 68; *see also id.* Prayer for Relief.

16.    To satisfy CAFA's amount-in-controversy requirement, the Supreme Court has instructed that defendants' notices of removal "need only include [] plausible allegation[s] that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 299 n.15 (2d Cir. 2021); *Koch v. Koch*, 2018 WL 4963168, at *3 (D. Conn. Oct. 15, 2018).  "Evidence establishing the amount" in controversy is not required to be included with the

---

[2] Defendant acknowledges that attorney's fees under CUTPA are discretionary, and therefore does not include attorney's fees in its analysis of CAFA's amount-in-controversy requirement.  *See, e.g.*, *Suarez v. Mosiac Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 55 (2d Cir. 2018).

notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89.

17.   Defendant does not concede any liability or that Plaintiffs or any putative class member are entitled to any relief.   With that being said, and using the allegations regarding Plaintiffs' purchase of a vehicle from Defendant as an example, Plaintiffs allege that they were charged a Commission of $844.76.   Ex. A, ¶ 33.   The sales tax on that amount is $53.64.[3]   The finance charge on the combined Commission and sales tax amount is $141.85, so the total amount of Plaintiffs' actual alleged damages for their Commission claim is $1,040.25.   Plaintiffs also allege that they purchased their vehicle for $1,400 more than its Advertised Price.   *Id.* ¶ 32.   The sales tax on that amount is $88.90, and the finance charge on the combined alleged overcharge and sales tax amount is $235.08, bringing the total amount of Plaintiffs' actual alleged damages for their Advertised Price claim to $1,723.98.   The total amount of Plaintiffs' actual alleged damages therefore is $2,764.23.

18.   Using Plaintiffs' alleged damages as an average across 1,100 putative class members, the alleged actual damages would be at least $3,040,653.   But Plaintiffs are also seeking punitive damages on behalf of all class members, which are authorized under CUTPA.   *See* Conn. Gen. Stat. § 42-110g.   Accordingly, these punitive damages are properly considered as part of CAFA's amount-in-controversy requirement.   *See A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (punitive damages may be included in determining amount in controversy where permitted by controlling law).

---

[3] Using Connecticut's sales tax rate of 6.35%.   It is worth noting that Connecticut's sales tax for vehicles purchased for more than $50,000 is 7.75%, so it is likely that certain putative class members paid a higher rate of sales tax than Plaintiffs.   *See* Conn. Gen. Stat. § 12-408(1)(H).

19.    Although Plaintiffs' Complaint does not specify the amount of punitive damages sought, Plaintiffs previously filed an arbitration demand asserting one of the same claims as alleged here, and that demand sought $10,000 in punitive damages on behalf of Plaintiffs alone.  *See* Plaintiff's Arbitration Demand, attached as Exhibit D, at 4.[4]  Assuming Plaintiffs are seeking anywhere near that amount on behalf of each putative class member, Plaintiffs' punitive damages demands alone would exceed $5,000,000.  Accordingly, CAFA's $5,000,000 threshold is easily exceeded when combining Plaintiffs' alleged actual damages with their demand for punitive damages.[5]  *See, e.g.*, *Kocienda v. U-Haul Intern., Inc.*, 2007 WL 2572269, at *1 (D. Conn. Sept. 4, 2007) (denying remand where there was "a reasonable probability that the compensatory and punitive damages pursuant to CUTPA would meet [CAFA's] threshold amount in controversy").

20.    Defendant therefore has met the requirements to show that CAFA jurisdiction exists, making removal to this Court proper.  Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441 and 1453.

21.    Although CAFA contains several exceptions to jurisdiction, Plaintiffs bear the burden of demonstrating that any of those exceptions have been satisfied.  *See Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010); *Kosieradzki v. Eversource Serv. Energy Co.*, 2021 WL 1227571, at *7 (D. Conn. Apr. 1, 2021).  In any event, and as noted above, the classes included in Plaintiffs' Complaint contain no

---

[4] As Plaintiffs' arbitration demand indicates, the contracts governing the sale of Plaintiffs' vehicle and the vehicles of all putative class members contain an arbitration clause, which requires this dispute to be arbitrated.  Defendant anticipates filing a motion to compel arbitration shortly after filing this Notice of Removal.

[5] Additionally, although it is not necessary to quantify it in this Notice of Removal, the value of the injunctive relief sought by Plaintiffs also should be included in the amount in controversy.  *See, e.g.*, *Whitchurch*, 937 F.2d at 87.

geographic or residency limitations, and are defined in such a manner that they appear to include anyone who has ever purchased a car from Defendant since Defendant opened in August of 2020. While certain putative class members are likely Connecticut citizens, Defendant understands that a significant number of putative class members are citizens of New York, New Jersey, Florida, Pennsylvania, and Massachusetts.  Moreover, Defendant understands that the putative classes include residents from approximately 35 states.

22.    Defendant reserves the right to assert all applicable defenses in this matter and denies that Plaintiffs or any member of the putative classes are entitled to any relief.

## **REMOVAL TO THE DISTRICT OF CONNECTICUT IS PROPER**

23.    Venue for removal is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, the forum in which the removed action was pending.

## **NOTICE TO STATE COURT AND PLAINTIFFS**

24.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, and served upon counsel for Plaintiffs promptly.

WHEREFORE, the case pending in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. FBT-CV22-6117756-S, is hereby removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1441 and 1453.

DEFENDANT
DARCARS OF RAILROAD AVENUE, INC.


By: */s/ Patrick M. Fahey*

Of Counsel:                                        Patrick M. Fahey (ct13862)
Benjamin J. Razi                               pfahey@goodwin.com
brazi@cov.com                                  For Shipman & Goodwin LLP
Jeffrey Huberman                           One Constitution Plaza
jhuberman@cov.com                        Hartford, CT 06103-1919
Covington & Burling LLP               Tel: 860-251-5000
One CityCenter, 850 Tenth Street, NW   Fax: 860-251-5219
Washington, DC 20001-4956
Tel: 202-662-6000

*Counsel for Defendant*


## CERTIFICATE OF SERVICE

       I hereby certify that on September 23, 2022 the foregoing was electronically filed on the Court's ECF system and served by first-class mail and electronically via email addressed as follows:

Daniel S. Blinn
dblinn@consumerlawgroup.com
Paulette N. Eze
peze@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408
Fax (860) 571-7457

*Counsel for Plaintiffs*


                                           */s/ Patrick M. Fahey*

Exhibit A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on
ADA accommodations,
contact a court clerk or
go to: *www.jud.ct.gov/ADA.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☒ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1061 Main Street, P.O. Box 110, Bridgeport, CT 06604 | ( 203 ) 579 – 6527 | 09/20/2022 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | **BRIDGEPORT** | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Consumer Law Group, LLC, 35 Cold Spring Road, Suite 512, Rocky Hill, CT 06067 | 414047 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 571 – 0408 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* dblinn@consumerlawgroup.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Gaska, Arkadiusz Josef** Address: 93 Jackson Street, 2nd Floor, New Britain, CT 06053 | P-01 |
| **Additional plaintiff** | Name: **Gaska, Katarzyna** Address: 93 Jackson Street, 2nd Floor, New Britain, CT 06053 | P-02 |
| **First defendant** | Name: **DARCARS of Railroad Avenue, Inc., 7550 Wisconsin Ave., FL 6, Bethesda, MD 20814** Address: c/o C T Corporation System, Its Agent, 67 Burnside Avenue, East Hartford, CT 06108 | D-01 |
| **Additional defendant** | Name: Address: | D-02 |
| **Additional defendant** | Name: Address: | D-03 |
| **Additional defendant** | Name: Address: | D-04 |

| Total number of plaintiffs: 2 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 08/17/2022 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing Daniel S. Blinn |
|---|---|---|---|

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do _not_ use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)

   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought

   (c) Applications for change of name

   (d) Probate appeals

   (e) Administrative appeals

   (f) Proceedings pertaining to arbitration

   (g) Summary Process (Eviction) actions

   (h) Entry and Detainer proceedings

   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | | | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| RETURN DATE:  SEPTEMBER 20, 2022 | : | SUPERIOR COURT |
|---|---|---|
| **ARKADIUSZ JOZEF GASKA AND KATARZYNA GASKA,** Individually and on Behalf of a Class of Others Similarly Situated | : | **FAIRFIELD JUDICIAL DISTRICT AT BRIDGEPORT** |
| **v.** | : | |
| **DARCARS OF RAILROAD AVENUE, INC.** | : | **AUGUST 17, 2022** |

## <u>CLASS ACTION COMPLAINT</u>

### <u>INTRODUCTION</u>

1.    Arkadiusz Jozef Gaska and Katarzyna Gaska (collectively "Plaintiffs") bring this consumer class action on behalf of themselves and others similarly situated who purchased a motor vehicle from the defendant, DARCARS of Railroad Avenue, Inc. d/b/a Lexus of Greenwich ("DARCARS"), and who have either paid a "commission" that was added on to the sales price of the vehicle, have paid more than the price advertised by DARCARS for the vehicle that they purchased, or both.

2.    Plaintiffs bring this action as a class action proceeding in accordance with Conn. Gen. Stat. § 42-110g(b) and Practice Book § 9-7 *et seq*.  They allege that DARCARS violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), in connection with hundreds and possibly thousands of sales

of motor vehicles by adding a "commission" to the sales price and by selling vehicles for more than the advertised price.  Plaintiffs seek monetary damages, punitive damages, and injunctive relief.

## PARTIES

3.      Plaintiffs are over the age of 18 and reside in New Britain, Connecticut.

4.      Plaintiffs bring this action on their individual behalf and on behalf of two classes of others (the "Class") similarly situated to them (the "Commission Class" and the "Advertised Price Class").

5.      DARCARS is a Connecticut corporation that does business as DARCARS Lexus of Greenwich and is licensed to operate an automobile dealership in Greenwich, Connecticut.

## DARCARS IMPROPER IMPOSITION OF A "COMMISSION" TO THE SALES PRICE

6.      DARCARS sells new vehicles manufactured by Lexus, and it also sells used vehicles manufactured by a variety of companies.

7.      DARCARS has a business practice of adding a commission of approximately two percent (2%) (the "Commission") to the price of new and used vehicles sold on a retail basis.

8.      DARCAR utilizes a form of purchase order ("Purchase Order) as required by Conn. Gen. Stat. § 14-62, and the Purchase Order includes a pre-printed line item for the Commission, which reads "SALES COMMISSION (not required by law)".

9.     The Commission is added to the price of each vehicle sold by DARCARS.

10.     Car dealerships in Connecticut do not commonly include a commission to cover the costs of paying commissions to employees or for the internal costs of acquiring vehicles and preparing them for sale or for purposes of ensuring an acceptable profit.  Those costs and objectives are incorporated into the cash selling prices charged by car dealerships for motor vehicles.

11.     By charging a Commission in addition to the stated price, DARCARS has a competitive advantage over other dealerships, because consumers engaged in price comparison can easily reach the false conclusion that DARCARS vehicles are relatively less expensive compared to vehicles offered by its competitors.

12.     Retail buyer of vehicles sold by DARCARS do not receive anything of value in return for the Commission, and consumers pay this Commission in addition to the cash selling prices of the vehicles.

13.     The Commission charged by DARCARS is separate from and in addition to the "dealer conveyance fee" or "processing fee" (the "Conveyance Fee") that DARCARS charges retail buyers.

14.     Car dealerships such as DARCARS are permitted to add a Conveyance Fee to the selling price of motor vehicles subject to the disclosure requirements of Conn. Gen. Stat. § 14-62 and Conn. Gen. Stat. § 14-62a.  The Conveyance Fee is defined by Conn. Gen. Stat. § 14-62(a) as "a fee charged by a dealer to recover reasonable costs for processing all documentation and performing services related to

3

the closing of a sale, including, but not limited to, the registration and transfer of ownership of the motor vehicle which is the subject of the sale."

15.     By contrast, Conn. Gen. Stat. § 14-62 does not permit the addition of the Commission, and Conn. Gen. Stat § 14-62(b)(2) explicitly prohibits dealerships from "includ[ing] in the selling price a dealer preparation charge for any item or service for which the dealer is reimbursed by the manufacturer or any item or service not specifically ordered by the buyer and itemized on the invoice."

16.     DARCARS includes the Commission to the sale price of vehicles, even though there is no additional service performed or ordered by the retail buyers.

**DARCARS' SALE OF VEHICLES FOR MORE THAN THE ADVERTISED PRICE**

17.     During all relevant times, DARCARS maintains an inventory of dozens of new and used vehicles.

18.     DARCARS maintains the website, www.lexusofgreenwich.com, that includes a listing of vehicles in DARCARS inventory, and it includes advertised prices for many of those vehicles.

19.     DARCARS also advertises or has advertised new and used vehicles for specified prices in other publications and on various websites such as www.cargurus.com.

20.     The prices advertised by DARCARS are competitive in the market place and are consistent with the prices advertised by other car dealerships for similar

vehicles, and DARCARS' intent in advertising competitive prices is to attract purchasers who research vehicle prices before visiting dealerships.

21.     DARCARS has a business practice of selling vehicles for prices that are higher than those advertised by it.

22.     DARCARS utilizes a form of purchase order ("Purchase Order) as required by Conn. Gen. Stat. § 14-62, and the Purchase Order includes a pre-printed line item for the cash price of the Vehicle which reads "PRICE OF VEHICLE WITH ACCESSORIES" (the "Price of Vehicle").

23.     The Price of Vehicle line item comports with the requirement in Conn. Gen. Stat. § 14-62(a)(4) that the Purchase Order disclose the "cash selling price" of a vehicle.

24.     DARCARS' practice of selling motor vehicles for a Price of Vehicle that is greater than the advertised price violates Conn. Agency. Reg. § 42-110b-28(b)(1), which provides:

> It shall be an unfair or deceptive act or practice for a new car dealer or used car dealer to fail to sell or lease, or refuse to sell or lease, a motor vehicle in accordance with any terms or conditions which the dealer has advertised, including, but not limited to, the advertised price.

**PLAINTIFFS' TRANSACTION**

25.     Prior to January 11, 2022, Plaintiffs saw a used 2019 Lexus RX 350 (the

"Lexus") listed by DARCARS on www.cargurus.com for a cash selling price of $40,838.

26.     A copy of the CarGurus advertisement is duplicated below:



27.     On or about January 11, 2022, Plaintiffs went to DARCARS and was

shown the Lexus by DARCARS' sales personnel.

28.     DARCARS told Plaintiffs that the price of the Lexus was $40,838.

29.     Plaintiffs agreed to purchase the Lexus.

30.     DARCARS presented Plaintiffs with purchase documents to execute, including a Purchase Order, and Plaintiffs purchased the Lexus pursuant to a retail installment sales contract.

31.     The relevant portion of Plaintiffs' Purchase Order is duplicated below:

| | | | |
|---|---|---|---|
| PRICE OF VEHICLE WITH ACCESSORIES | (1) | 42238 | 00 |
| DEALER CONVEYANCE FEE   (NEGOTIABLE) | (2) | 795 | 00 |
| SALES TAX | (3) | 2786 | 24 |
| SALES COMMISSION (not required by law) | (3A) | 844 | 76 |
| CASH PRICE                (1 + 2 + 3 + 3A) | (4) | 46664 | 00 |
| REGISTRATION AND TITLE FEES | (5) | 265 | 00 |
| TOTAL CASH DELIVERED PRICE         (4 + 5) | (6) | 46929 | 00 |

32.     The Purchase Order reflects a Price of Vehicle of $42,238 for the Lexus, which is $1,400 more than the price advertised on CarGurus and communicated to Plaintiffs.

33.     DARCARS also charged Plaintiffs a Commission of $844.76 in addition to the Price of Vehicle, which Commission was equal to two (2%) percent of the Price of Vehicle.

## CLASS ALLEGATIONS

34.     Plaintiffs bring this action as a class action.  There are two classes asserted: the "Commission Class" and the "Advertised Price Class".

35.     The Commission Class is comprised of individuals who are similarly situated to the Plaintiffs in that, during the period commencing three years prior to the commencement of this action and continuing until such time as there is an order certifying this case as a class action, they:

a.  purchased a new or used motor vehicle from DARCARS; and

b.  DARCARS charged them a Commission in addition to the Price of Vehicle as reflected in the Purchase Order.

36.     The Advertised Price Class is comprised of individuals who are similarly situated to the Plaintiffs in that, during the period commencing three years prior to the commencement of this action and continuing until such time as there is an order certifying this case as a class action, they:

a.  purchased a new or used motor vehicle from DARCARS;

b.  DARCARS had advertised the vehicle on its website or on a third-party website for a specific price (the "Advertised Price"); and

c.  the Price of Vehicle charged to them as reflected in the Purchase Order was greater than the Advertised Price.

8

37.     The following categories of individuals are excluded from the scope of the Commission Class and the Advertised Price Class: (a) individuals other than the Plaintiffs who have, prior to the certification of any class in this action, asserted claims in court or arbitration against DARCARS under the Connecticut Unfair Trade Practices Act; (b) car dealerships, automobile wholesalers, or other buyers who did not purchase their motor vehicles on a retail basis; and (c) former and current employees of DARCARS.

38.     Plaintiffs are unable to state the precise number of individuals in the Commission Class or the Advertised Price Class, because that information is exclusively in the possession of DARCARS and is ascertainable through discovery. Plaintiffs believe, and on that basis allege, that both the Commission Class consists of more than 1,000 individuals and that the Advertised Price Class consists of more than 100 individuals.  Plaintiffs base this allegation upon DARCARS' business practices, the size of its inventory, and its advertising practices.

39.     There is a community of interest among the members of the classes in that there are questions of law and fact common to the classes that predominate over questions affecting only individual members.  Specifically, all of the Commission Class members' claims all involve the question of whether DARCARS violated CUTPA by charging a Commission in addition to the Price of Vehicle, the Advertised Price Class members' claims all involve the question of whether DARCARS has violated CUTPA by selling vehicles for more than the Advertised Price.

9

40.     Plaintiffs and each of the members of the classes have suffered an ascertainable loss.  Members of the Commission Class have suffered an ascertainable loss because they paid a commission in addition to the Price of Vehicle.  Members of the Advertised Price Class have suffered an ascertainable loss because they have paid an amount that is greater than the advertised price at which their vehicles should have been sold.

41.     Plaintiffs' claims are typical of those of the classes that they seek to represent.

42.     Plaintiffs are adequate class representatives, and they are represented by counsel competent and experienced in both auto dealer claims and class action litigation.

## FIRST CAUSE OF ACTION: CUTPA CLAIM FOR DAMAGES – COMMISSION CLASS

1-42.   Plaintiffs incorporate paragraphs 1-42 of the Introductory Paragraphs and Class Allegations.

43.     This is a class claim for damages brought pursuant to Connecticut Practice Book § 9-7 and § 9-8(3) and Conn. Gen. Stat. § 42-110g(b) on behalf of the Commission Class.

44.     DARCARS charging of the Commission in addition to the Price of Vehicle is a violation of Conn. Gen. Stat. § 14-62 and, consequently, is also a violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23).

45.     The Commission charge is also in violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1), because DARCARS' communication of the Price of Vehicle to the Plaintiffs on the Purchase Order constituted an advertisement to sell the Vehicle for that price within the meaning of Conn. Agency Reg. § 42-110b-28(a)(3), and DARCARS violated Conn. Agency Reg. § 42-110b-28(b)(1) by adding the Commission to the Price of Vehicle.

46.     The common questions of law and fact predominate over any individual questions in that the determination of whether DARCARS' imposition of the Commission is a CUTPA violation will be determinative of liability with respect to the Commission Class claims.

47.     Additionally, the common questions of law and fact predominate over any individual questions in that the determination of whether DARCARS has engaged in deceptive and fraudulent sales practices can be readily ascertained by an examination of the Purchase Orders for the Commission Class members' transactions, and the only individual questions involve a determination of damage, which can be readily calculated by reference to DARCARS' records.

48.     The identity of the Class can be readily ascertained by reference to DARCARS records, and any individual questions are subordinate to the common questions of whether DARCARS practices violate CUTPA.

49.     A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual members of the Commission Class are relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for the Commission Class members to seek redress individually. The prosecution of separate actions by the individual members of the Commission Class, even if possible or likely, would create a risk of inconsistent or varying adjudications and could create incompatible standards of conduct for DARCARS.

50.     DARCARS is liable to the Plaintiffs and the Commission Class for their damages in the amount of the Commission plus the additional sales tax and finance charges attributable to the Commission.

51.     DARCARS is also liable, in the discretion of the Court, for punitive damages and attorney's fees.

## SECOND CAUSE OF ACTION: CUTPA CLAIM FOR INJUNCTIVE RELIEF – COMMISSION CLASS

1-44.   Plaintiffs incorporate paragraphs 1-42 of the Introductory Paragraphs and Class Allegations and paragraphs 44-45 of the First Count.

46.     This is a class claim brought for injunctive relief pursuant to Connecticut
Practice Book § 9-7 and § 9-8(2) on behalf of the Commission Class.

47.     DARCARS directs advertising towards the Commission Class because, as
former customers of DARCARS, they are more likely than the general public to
purchase another vehicle from DARCARS.

48.     It is highly probable that many members of the Commission Class will
purchase additional vehicles from DARCARS and that they will be charged the
Commission due to DARCARS continuing unfair trade practices that violate CUTPA.

49.     Other consumers have asserted claims against DARCARS in which they
have claimed that the charging of the Commission was in violation of CUTPA.

50.     DARCARS continued to charge the Commission even after becoming
aware of these claims and, on information and belief, it continues to charge the
Commission as of the date of this complaint.

51.     DARCARS has acted or refuses to act on grounds generally applicable to
the Commission Class, thereby making appropriate final injunctive relief under Conn.
Gen. Stat. § 42-110g(d).

52.     Plaintiffs seek an order enjoining DARCARS from charging the
Commission in future retail sales.

53.     DARCARS is also liable, in the discretion of the Court, for punitive damages and attorney's fees.

## THIRD CAUSE OF ACTION: CUTPA CLAIM FOR DAMAGES – ADVERTISED PRICE CLASS

1-42.   Plaintiffs incorporate paragraphs 1-42 of the Introductory Paragraphs and Class Allegations.

43.     This is a class claim for damages brought pursuant to Connecticut Practice Book § 9-7 and § 9-8(3) and Conn. Gen. Stat. § 42-110g(b) on behalf of the Advertised Price Class.

44.     DARCARS has violated CUTPA by selling motor vehicles to Plaintiffs and the Advertised Price Class members for prices higher than the prices at which it had advertised the vehicles, a violation of Conn. Agency Reg. §42-110b-28(b)(1).

45.     The common questions of law and fact predominate over any individual questions in that the determination of whether DARCARS has engaged in deceptive and fraudulent advertising and sales practices can be readily ascertained by examination of its advertisements and the Purchase Orders of the Advertised Price Class members, and the only individual questions involve a determination of damages, which can be readily calculated by reference to those records.

14

46.     The identity of the Advertised Price Class can be readily ascertained by reviewing the Purchase Orders of the Advertised Price Class members and comparing them to the prices at which DARCARS had advertised the Vehicles, and any individual questions are subordinate to the common questions of whether DARCARS' practices violate CUTPA.

47.     A class action is superior to other methods for the fair and efficient adjudication of the controversy.  Because the damages suffered by individual members of the Advertised Price Class are relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for the Advertised Price Class members to seek redress individually. The prosecution of separate actions by the individual members of the Advertised Price Class, even if possible or likely, would create a risk of inconsistent or varying adjudications and could create incompatible standards of conduct for DARCARS.

48.     DARCARS is liable to the Plaintiffs and the Advertised Price Class for their damages in the amount of the difference between the Advertised Price and the Price of Vehicle as reflected in the Purchase Orders, plus the additional sales tax and finance charges attributable to the amounts that they were overcharged.

49.      DARCARS is also liable, in the discretion of the Court, for punitive damages and attorney's fees.

**FOURTH CAUSE OF ACTION: CUTPA CLAIM FOR INJUNCTIVE RELIEF –
ADVERTISED PRICE CLASS**

1-42.   Plaintiffs incorporate paragraphs 1-42 of the Introductory Paragraphs and
Class Allegations and paragraph 44 of the Third Count.

43.     This is a class claim brought for injunctive relief pursuant to Connecticut
Practice Book § 9-7 and § 9-8(2) on behalf of the Advertised Price Class.

44.     DARCARS has violated CUTPA by failing to sell motor vehicles to
Plaintiffs and the Advertised Price Class members for the prices at which it advertised
the vehicles, a violation under applicable case law and a *per se* violation under Conn.
Agency Reg. §42-110b-28(b)(1).

45.     DARCARS continues to sell motor vehicles for more than the Advertised
Price.

46.     DARCARS directs advertising towards the Advertised Price Class
members because, as former customers of DARCARS, they are more likely than the
general public to purchase another vehicle from DARCARS.

47.     It is highly probable that many members of the Advertised Price Class will
purchase additional vehicles from DARCARS and that DARCARS will overcharge them
on future transactions due to DARCARS continuing unfair advertising and sales
practices that are in violation of CUTPA.

16

48.     Other consumers have asserted claims against DARCARS in which they have claimed that the sale of vehicles for more than the advertised price is a violation of CUTPA.

49.     DARCARS continued to sell vehicles for more than the advertised price even after becoming aware of these claims and, on information and belief, it continues to sell vehicles for more than the advertised price as of the date of this complaint.

50.     DARCARS has acted or refuses to act on grounds generally applicable to the Advertised Price Class, thereby making appropriate final injunctive relief under Conn. Gen. Stat. § 42-110g(d).

51.     Plaintiffs seek an order enjoining DARCARS from charging more than the Advertised Price of vehicles in future retail sales.

52.     DARCARS is also liable, in the discretion of the Court, for punitive damages and attorney's fees.

**FIFTH CAUSE OF ACTION: CUTPA CLAIM FOR DAMAGES – PLAINTIFFS ONLY**

1-33.   Plaintiffs incorporate paragraphs 1-33 of the Introductory Paragraphs.

34.     This claim is asserted by the Plaintiffs on an individual basis in the alternative to their claims asserted on behalf of the classes.

35.     DARCARS has violated CUTPA by charging Plaintiffs the Commission.

17

36.     DARCARS has further violated CUTPA by failing to sell the vehicle to Plaintiffs for the price at which it had advertised the Lexus.

37.     DARCARS is liable to the Plaintiffs for their damages, including without limitation, the cost of the Commission and/or the difference between the Advertised Price and the cash price charged, the sales tax charged on those amounts, and finance charges incurred on the amounts that they were overcharged.

38.     DARCARS is also liable, in the discretion of the Court, for punitive damages and attorney's fees.

**WHEREFORE**, Plaintiffs seek the following relief for themselves and the

Classes:

(1) On behalf of themselves and the Classes, damages pursuant to Conn. Gen. Stat. § 42-110g(a) in excess of $15,000;

(2) On behalf of themselves and the Classes, punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a);

(3) On behalf of themselves and the Classes, injunctive relief pursuant to Conn. Gen. Stat. § 42-110g(d);

(4) Attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d); and

(5) Costs pursuant to Conn. Gen. Stat. § 42-110g(d).


PLAINTIFFS, ARKADIUSZ JOZEF GASKA
and KATARZYNA GASKA, individually and on
behalf of a Class of Others Similarly Situated

By: _____
Daniel S. Blinn   #307109
dblinn@consumerlawgroup.com
Paulette N. Eze
peze@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457
Juris No. 414047

Exhibit B

OFFICER'S RETURN TO COURT

State of Connecticut ) 

)      ss.  East Hartford         August 24, 2022

County of Hartford )

Then and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service upon the within named defendant, DARCARS OF RAILROAD AVENUE, INC., by leaving a verified true and attested copy of the original **Writ, Summons, and Complaint** with and in the hands of Gary Scappini, person in charge of C T Corporation System, Statutory Registered Agent for Service and duly authorized to accept service on behalf of the within named defendant, DARCARS OF RAILROAD AVENUE, INC., at 67 Burnside Avenue, in said Town of East Hartford.

The within is the original **Writ, Summons, and Complaint** with my doings hereon endorsed.

Attest:

Elizabeth J. Ostrowski
Connecticut State Marshal
Hartford County

State of Connecticut
County of Hartford
CONNECTICUT STATE MARSHAL

Fees:
Service           $ 40.00
Travel            $ 10.00
Verified Pages    $ 21.00
Endorsements     $   1.20
TOTAL          $ 72.20

ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
P.O. BOX 1219, GLASTONBURY, CT 06033-1219 • (860) 965-8463

Exhibit C



Case 3:22-cv-01201-MPS  Document 1   Filed 09/23/22   Page 35 of 46

# Superior Court Case Look-up

**🖝 FBT-CV22-6117756-S**

**Prefix:** FB2

**GASKA, ARKADIUSZ JOSEF, INDIVIDUALLY AND ON BEHALF Et Al v. DARCARS OF RAILROAD AVENUE, INC.**

**Case Type:** M90 **File Date:** 08/29/2022 **Return Date:** 09/20/2022

**Case Detail** | Notices | History | Scheduled Court Dates | E-Services Login | Screen Section Help ▶

To receive an email when there is activity on this case, click here. 🖝



Left navigation:

Superior Court Case Look-up
Civil/Family
Housing
Small Claims
-
Attorney/Firm Juris Number Look-up
-
Case Look-up
By Party Name
By Docket Number
By Attorney/Firm Juris Number
By Property Address
-
Short Calendar Look-up
By Court Location
By Attorney/Firm Juris Number
Motion to Seal or Close
Calendar Notices
-
Court Events Look-up
By Date
By Docket Number
By Attorney/Firm Juris Number
-
Legal Notices
-
Pending Foreclosure Sales 🖝
-
Understanding
Display of Case Information
-
Contact Us

Comments

**Information Updated as of: 09/23/2022**

## Case Information

**Case Type:** M90 - Misc - All other
**Court Location:** BRIDGEPORT JD
**List Type:** No List Type
**Trial List Claim:**
**Last Action Date:** 08/29/2022 (The "last action date" is the date the information was entered in the system)

## Disposition Information

**Disposition Date:**
**Disposition:**
**Judge or Magistrate:**

## Party & Appearance Information

| Party | No Fee Party | Category |
|---|---|---|
| **P-01 ARKADIUSZ JOSEF GASKA INDIVIDUALLY AND ON BEHALF OF A CLASS OF OTHERS SIMILARLY SITUATED** | | Plaintiff |
| Attorney: 🖝 CONSUMER LAW GROUP LLC (414047) File Date: 08/29/2022 35 COLD SPRING ROAD SUITE 512 ROCKY HILL, CT 06067 | | |
| **P-02 KATARZYNA GASKA** | | Plaintiff |
| Attorney: 🖝 CONSUMER LAW GROUP LLC (414047) File Date: 08/29/2022 35 COLD SPRING ROAD SUITE 512 ROCKY HILL, CT 06067 | | |
| **D-01 DARCARS OF RAILROAD AVENUE, INC.** Non-Appearing | | Defendant |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an 🖝 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*
- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| | | | Motions / Pleadings / Documents / Case Status | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
| 100.30 | 08/29/2022 | P | **SUMMONS** 📝 | No |
| 100.31 | 08/29/2022 | P | **COMPLAINT** 📝 | No |
| 100.32 | 08/29/2022 | P | **RETURN OF SERVICE** 📝 | No |

| | | | Scheduled Court Dates as of 09/22/2022 | |
|---|---|---|---|---|
| | | | FBT-CV22-6117756-S - GASKA, ARKADIUSZ JOSEF, INDIVIDUALLY AND ON BEHALF Et Al v. DARCARS OF RAILROAD AVENUE, INC. | |
| # | Date | Time | Event Description | Status |
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil⧉ standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up⧉ page and Short Calendars By Juris Number⧉ or By Court Location⧉.

Periodic changes to terminology that do not affect the status of the case may be made.

This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2022, State of Connecticut Judicial Branch

Page Created on 9/23/2022 at 7:53:38 AM

Exhibit D

**AMERICAN ARBITRATION ASSOCIATION**®

**DEMAND FOR ARBITRATION**
**CONSUMER ARBITRATION RULES**

Complete this form to start arbitration under an arbitration agreement in a contract.

| |
|---|
| 1. Which party is sending in the filing documents? *(check one)* ☑ Consumer ☐ Business |
| 2. Briefly explain the dispute:<br><br>Violations of the Truth in Lending Act and Connecticut Unfair Trade Practices Act.  See attached Statement of Claim. |
| 3. Specify the amount of money in dispute, if any: $  14,764.23 |
| 4. State any other relief you are seeking:<br><br>☑ Attorney Fees   ☑ Interest   ☑ Arbitration Costs   ☐ Other; explain: |
| 5. Identify the requested city and state for the hearing if an in-person hearing is held:   **VIDEO CONFERENCE HEARING REQUESTED**<br>City:  Hartford County                              State:  Connecticut |
| 6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed. |

**Consumer:**

| Name:  Arkadiusz Jozef Gaska | | |
|---|---|---|
| Address: 93 Jackson Street, 2nd Floor | | |
| City:  New Britain | State:  Connecticut | Zip Code:  06053 |
| Telephone:  860-518-7421 | Fax: | |
| Email Address: | | |

**Consumer's Representative (if known):**

| Name:  Daniel S. Blinn | | |
|---|---|---|
| Firm:  Consumer Law Group, LLC | | |
| Address: 35 Cold Spring Road, Suite 512 | | |
| City:  Rocky Hill | State:  Connecticut | Zip Code:  06067 |
| Telephone:  860-571-0408 | Fax:  860-571-7457 | |
| Email Address:  dblinn@consumerlawgroup.com; lminer@consumerlawgroup.com | | |

**Business:**

| Name:  Darcars of Railroad Avenue, Inc. d/b/a Darcars Lexus of Greenwich | | |
|---|---|---|
| Address: 19 Railroad Avenue | | |
| City:  Greenwich | State:  Connecticut | Zip Code:  06830 |
| Telephone:  (203) 780-0388 | Fax: | |
| Email Address: | | |

AMERICAN ARBITRATION ASSOCIATION®

**DEMAND FOR ARBITRATION**
**CONSUMER ARBITRATION RULES**

| | | |
|---|---|---|
| **Business' Representative (if known):** | | |
| Name: | | |
| Firm: | | |
| Address: | | |
| City: | State:  Select... | Zip Code: |
| Telephone: | Fax: | |
| Email Address: | | |
| Date:  March 24, 2022 | | |

**7. Send a copy of this completed form to the AAA together with:**

- A clear, legible copy of the contract containing the parties' agreement to arbitrate disputes;
- The proper filing fee (filing fee information can be found in the Costs of Arbitration section of the Consumer Arbitration Rules); and
- A copy of the court order, if arbitration is court-ordered.

**8. Send a copy of the completed form and any attachments to all parties and retain a copy of the form for your records.**

To file by mail, send the initial filing documents and the filing fee to: AAA Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.

To file online, visit **www.adr.org** and click on **File or Access Your Case** and follow directions. To avoid the creation of duplicate filings, the AAA requests that the filing documents and payment be submitted together. When filing electronically, no hard copies are required.

> Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.
>
> Pursuant to New Jersey Statutes § 2A:23B-1 et seq, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the New Jersey Arbitration Act, and to all consumer arbitrations conducted in New Jersey. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

ADDITIONAL CONSUMER

Katarzyna Gaska
93 Jackson Street, 2nd Floor
New Britain, CT 06053
Telephone: 860-518-7421

CONSUMER'S REPRESENTATIVE:
Daniel S. Blinn
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Telephone: (860) 571-0408
Fax: (860) 571-7457

## STATEMENT OF CLAIM

Arkadiusz Jozef Gaska and Katarzyna Gaska ("Claimants") claim against DARCARS of Railroad Avenue d/b/a Lexus of Greenwich ("DARCARS") for violation of the Truth in Lending Act ("TILA") and the Connecticut Unfair Trade Practices Act ("CUTPA). The claims arise from the sale and purchase of a 2019 Lexus RX 350 (the "Vehicle") on January 11, 2022.

DARCARS had advertised the Vehicle on the www.cargurus.com website for a cash price of $40,838. Claimants saw the advertisement and traveled to DARCARS to see the Vehicle, and they agreed to buy it. DARCARS prepared purchase documents to sign electronically, but Claimants were not permitted to review the retail installment contract (the "Contract") before being directed to execute the Contract electronically. Claimants electronically executed the documents and consummated the credit transaction without having received the disclosures required by TILA. Claimants did not receive any TILA disclosures until approximately a week after the transaction. Claimants claim statutory damages plus attorney's fees under 15 U.S.C. § 1640 of $2,000 for the violation of TILA.

After Claimants received the TILA disclosures, they realized that DARCARS had charged them $2,244.76 in excess of the advertised price for the Vehicle. It is a violation of CUTPA for a car dealership to fail to sell a vehicle for the advertised price under Conn. Agency Reg. § 42-110b-28(b)(1). CUTPA was further violated due to the failure to provide advance disclosures of the terms of financing and for the failure to provide Claimants with a copy of the Contract at the time of execution and by their failure to ever provide the purchase order or invoice as required by Conn. Gen. Stat. § 14-62. *See* Conn. Agency Reg. § 42-110b-28(b)(23)(violation by dealership of state law concerning sale of motor vehicles a *per* se violation of CUTPA). Claimants seek the amount that they were overcharged plus the additional sales tax and finance charges on this amount. They also claim punitive damages (they suggest $10,000) plus attorney's fees under CUTPA.

Summary of Amounts Claimed:

| | | | |
|---|---|---|---|
| TILA Statutory Damages | | | $2,000.00 |
| Actual Damages | | | |
| | a. | Amount overcharged | $2,244.76 |
| | b. | Sales Tax on overcharge | $142.54[1] |
| | c. | Finance charge on a & b | $376.93[2] |
| | | | $2,764.23 |
| Punitive Damages (suggested) | | | $10,000.00 |
| Attorney's Fees and Costs | | | TBD |
| **TOTAL (not including fees and costs)** | | | **$14,764.23** |

---

[1] Calculated by multiplying the amount overcharged by CT sales tax (6.35%)

[2] This amount is obtained by combining the amount overcharged and sales tax on overcharge ($2,387.30), dividing that amount by the amount financed ($45,929) and multiplying that percentage (5.198%) by the total finance charge ($7,251.64).

**RETAIL INSTALLMENT CONTRACT**
**SIMPLE FINANCE CHARGE**
**(WITH ARBITRATION PROVISION)**

*LAW* 553-CT-ARB-ea 12/21

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| ARKADIUSZ JOZEF GASKA 93 JACKSON ST, APT 2 New Britain, County of HARTFORD, CT 06053 | KATARZYNA GASKA 93 JACKSON ST, APT 2 New Britain, County of HARTFORD, CT 06053 | DARCARS OF RAILROAD AVENUE 19 Railroad Ave Greenwich, CT 06830 |

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2019 | Lexus RX | JTJBZMCA0K2039704 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ N/A |

## TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1,000.00 is |
|---|---|---|---|---|
| 4.89 % | $ 7,251.64 | $ 45,929.00 | $ 53,180.64 | $ 54,180.64 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 738.62 | Monthly beginning 02/25/2022 |
| N/A | $ N/A | N/A |

N/A

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ ___10.00___ or ___5___ % of the part of the payment that is late, whichever is ___less___.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____N/A_____ Mos.
Name of Gap Contract
I want to buy a gap contract.
Buyer Signs X **A**    N/A

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, we require VSI insurance for the initial term of the contract to protect us for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for our protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through us, **the cost of this insurance is $ ___N/A___** and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

Finance Charge begins on the date of this contract unless the box in the next sentence is checked. If this box is checked, ☐ Finance Charge begins on ___N/A___ and we will not charge Finance Charge before this date, even if you pay late. Regardless of whether the box in the preceding sentence is checked, once Finance Charge begins, you will have to pay Finance Charge on the unpaid Amount Financed at the Annual Percentage Rate shown above. (See also Section 1.a. on page 3.)

If you make any required payment (including any deferred payment) more than 10 days late, you will have to pay a late charge as described above. If you make any required payment (including any deferred payment) late, we may also take the steps described in Sections 3.b. through 3.g. on pages 3 and 4.

By signing below, you agree that we told you what may happen if you do not make the first or any other required payment (including any deferred payment) on time.

Buyer Signs X **B** *Arkadiusz Gaska*     Co-Buyer Signs X **B** *KATARZYNA GASKA*

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X **C** *Arkadiusz Gaska*     Co-Buyer Signs X **C** *KATARZYNA GASKA*

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

T524929650-DP524929656 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

Case 3:22-cv-01201-MPS   Document 1   Filed 09/23/22   Page 43 of 46

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price (including $ 2,786.24 sales tax)  $ 45,869.00 (1)

2 Total Downpayment =

Trade-In N/A   N/A   N/A
(Year) (Make) (Model)

Gross Trade-In Allowance  $ N/A
Less Pay Off Made By Seller to N/A  $ N/A
Equals Net Trade In  $ N/A
+ Cash  $ 1,000.00
+ Other N/A  $ N/A
+ Other N/A  $ N/A
+ Other N/A  $ N/A

(If total downpayment is negative, enter "0" and see 4I below)  $ 1,000.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2)  $ 44,869.00 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
Life N/A  $ N/A
Disability N/A  $ N/A  $ N/A
B Vendor's Single Interest Insurance Paid to Insurance Company  $ N/A
C Other Optional Insurance Paid to Insurance Company or Companies  $ N/A
D Optional Gap Contract  $ N/A
E Official Fees Paid to Government Agencies
to N/A for N/A  $ N/A
to N/A for N/A  $ N/A
to N/A for N/A  $ N/A
F Government Taxes Not Included in Cash Price  $ N/A
G Government License and/or Registration Fees
N/A
Registration Fee : $ 265.00  $ 265.00
H Government Certificate of Title Fees  $ N/A
I Other Charges (Seller must identify who is paid and describe purpose)
to N/A for Prior Credit or Lease Balance  $ N/A
to DARCARS OF RAILROAD AVENUE for Conveyance Fee  $ 795.00
to N/A for N/A  $ N/A
to N/A for N/A  $ N/A
to N/A for N/A  $ N/A
to N/A for N/A  $ N/A
to N/A for N/A  $ N/A
to N/A for N/A  $ N/A
to N/A for N/A  $ N/A
Total Other Charges and Amounts Paid to Others on Your Behalf  $ 1,060.00 (4)

5 Amount Financed (3 + 4)  $ 45,929.00 (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
N/A , Year N/A . SELLER'S INITIALS D N/A

**Returned Payment Charge:** If the cash price of the vehicle is more than $50,000, you agree to pay a charge of $ 20 if any check you give us is dishonored or any electronic payment is returned unpaid.

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**
**Optional Credit Insurance**
☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed.
Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**
N/A   N/A
Type of Insurance   Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

N/A   N/A
Type of Insurance   Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X E N/A   N/A
Buyer Signature   Date
X E N/A   N/A
Co-Buyer Signature   Date

**THE INSURANCE INCLUDED IN THIS CONTRACT DOES NOT PROVIDE COVERAGE FOR PERSONAL LIABILITY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

**OTHER IMPORTANT AGREEMENTS**

TRUE AND ACCURATE COMPLETED COPY • UCC NONAUTHORITATIVE COPY

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      • The vehicle and all parts or goods put on it;
      • All money or goods received (proceeds) for the vehicle;
      • All insurance, maintenance, service, or other contracts we finance for you; and
      • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee.

If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, if less, the highest rate the law permits.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
      If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once subject to any right the law gives you to reinstate this contract. Default means:
      • You do not pay any payment on time;
      • You give false, incomplete, or misleading information during credit application;
      • You start a proceeding in bankruptcy or one is started against you or your property, unless you are an individual and the bankruptcy is under Chapter 7 of the US Bankruptcy Code (11 U.S.C. Sections 701-727);
      • Your debt, or the obligation to pay any part of the amount you owe under this contract, is discharged in a bankruptcy; or
      • You break any agreements in this contract.
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount due and payable under this contract.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.

TRUE AND ACCURATE COMPLETED COPY • UCC NONAUTHORITATIVE COPY

T524929650-DP524929656 - THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

Document 1 Filed 09/23/22 Page 45 of 46

**f.** **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are the actual and reasonable expenses we pay as a direct result of taking the vehicle, storing it, and selling it. Attorney fees and court costs the law permits are also allowed expenses.

If any money is left (surplus), we will pay it to you. If not, we will apply the greater of the money from the sale or the market value of the vehicle, less allowed expenses, to the amount you owe.

If the amount we apply (less allowed expenses) is not enough to pay all you owe, you must pay the rest to us, unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay. The market value of the vehicle will be figured as the law requires.

**g.** **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4.** **WARRANTIES SELLER DISCLAIMS**
The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. It does **not** apply at all if you bought the vehicle primarily for personal, family, or household use.

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

**5.** **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6.** **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**7.** **APPLICABLE LAW**
Federal law and the law of the state of Connecticut apply to this contract.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

**NO COOLING OFF PERIOD**
**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

## ARBITRATION PROVISION

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs **X** F ___Arkadiusz Gaska___   Co-Buyer Signs **X** F ___KATARZYNA GASKA___
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.**

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a true and completely filled-in copy when you signed it.**

**NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of the contract when you sign it. 3. Under the law, you have the following rights, among others: (a) To pay off in advance the full amount due and obtain a partial refund of any unearned finance charge; (b) to redeem the property if repossessed for a default; (c) to require, under certain conditions, a resale of the property if repossessed.**

Buyer Signs **X** G ___Arkadiusz Gaska___   Date 01/11/2022   Co-Buyer Signs **X** G ___KATARZYNA GASKA___   Date 01/11/2022
Buyer Printed Name ARKADIUSZ JOZEF GASKA   Co-Buyer Printed Name KATARZYNA GASKA
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A ___ Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. Another owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here **X** ___N/A___   Address ___N/A___
Seller signs DARCARS OF RAILROAD AVENUE   Date 01/11/2022   By **X** G ___[signature]___   Title FINANCE MA

---

Seller assigns its interest in this contract to   Lexus Financial Services   (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☒ Assigned without recourse   ☐ Assigned with limited recourse
Seller   DARCARS OF RAILROAD AVENUE
By **X** H ___[signature]___   Title FINANCE MANAGER

---

 **LAW** **FORM NO. 553-CT-ARB-ea** (Rev. 12/21)
©2021 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

T524929650-DP524929656 - THIS CUSTOMER COMPLETED COPY WAS CREATED ON 01/25/2022 05:38:39 PM GMT